NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-145

COMMONWEALTH

vs.

BENJAMIN RAMIREZ-LOPEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted following a jury trial in District Court of assault and battery, in violation of G. L. c. 265, § 13A (a); furnishing false identification information to law enforcement, in violation of G. L. c. 268, § 34A; and unlicensed operation of a motor vehicle, in violation of G. L. c. 90, § 10. On appeal, he argues that the judge abused her discretion in not excusing for cause a prospective juror who had worked years earlier with the student prosecutor on the case. We affirm.

Background. Before voir dire of the potential jurors commenced, the lead assistant district attorney introduced herself and her colleague, whom she identified as "another assistant district attorney." At the time, the colleague was a student prosecutor appearing under S.J.C. Rule 3:03 (1), as

amended, 463 Mass. 1301 (2012), though that fact was not mentioned to the prospective jurors.

When the judge asked the venire whether they knew any of the lawyers or witnesses in the case, prospective juror number 3 ("juror no. 3") answered in the affirmative. At sidebar, juror no. 3 identified the student prosecutor as the person he knew, and the judge asked how he knew him. Juror no. 3 stated that they worked together at the Big Y, a supermarket, four or five years prior to the trial. The judge twice asked juror no. 3 whether this connection would impact his ability to be impartial or would result in an "unknown or unconscious bias towards the prosecution," and both times juror no. 3 responded that it would not. After the judge invited the parties to ask additional questions, defense counsel asked how long the two had worked together, and juror no. 3 answered approximately a year and a half to two years.

Defense counsel challenged juror no. 3 for cause, citing his "potential for bias" and "unconscious bias." The judge denied this challenge, stating that juror no. 3 said "he was going to be fair and impartial." Later, before exercising his peremptory challenges, defense counsel renewed his challenge to juror no. 3. The judge again declined to excuse the juror for cause, stating,

2

"I think he said he knew him in a very kind of happenstance way. They weren't close friends who, you know, were hanging out in each other's homes or socializing. I think they knew each other for a brief period of time many years ago. So, I don't think that's a for cause."

The defendant then used his two allotted peremptory challenges to strike juror no. 3 and another venire member, prospective juror number 22 ("juror no. 22"). The next day, two additional jurors were seated without any challenges, and both parties stated that they were "content with this jury."

Discussion. At the outset, it does not appear that the judge's refusal to excuse juror no. 3 for cause was adequately preserved for our review. Such a decision is preserved when "a defendant uses a peremptory challenge to excuse a juror that the judge refused to excuse for cause and the defendant is later 'forced to accept a juror whom he otherwise would have challenged peremptorily'" (citation omitted). Commonwealth v. Kennedy, 478 Mass. 804, 815 (2018). Here, after the judge denied the defendant's for-cause challenge to juror no. 3, the defendant exercised his two peremptory challenges to exclude juror no. 3 and juror no. 22. The record does not show that the defendant wished to exercise an additional peremptory challenge. At one point in the exchange on peremptory challenges, defense counsel referred to "the three that I have just mentioned," but he then listed prospective juror number 12 whom, the judge noted, had already been excused for cause. Because the

3

defendant "identifies no empanelled juror whom he would have replaced if he had retained additional peremptory challenges," he has not shown that he was "forced to accept a juror he would have peremptorily challenged" (citation omitted). Commonwealth v. Bryant, 447 Mass. 494, 500 (2006).

Even if the issue had been preserved for review, we would conclude that the judge did not abuse her discretion by refusing to exclude juror no. 3 for cause. See Commonwealth v. Moore, 489 Mass. 735, 755 (2022). "A trial judge is accorded considerable discretion in the jury selection process and [her] finding that a juror stands indifferent will not be disturbed except where juror prejudice is manifest." Commonwealth v. Clark, 446 Mass. 620, 629-630 (2006). Here, after juror no. 3 indicated that he knew the student prosecutor, the judge established that they had worked together at the Big Y approximately four years prior. During this colloquy, the judge twice asked juror no. 3 whether this experience would impact his ability to be fair and impartial, and he twice responded that it would not.

"[T]he mere fact that a juror knows a police officer or prosecutor, or is related to them, does not disqualify a juror from service or show any bias." Commonwealth v. Murphy, 59 Mass. App. Ct. 571, 581 (2003); see also Commonwealth v. Duran, 435 Mass. 97, 106-107 (2001). If a judge determines that a

4

prospective juror's past relationship with a prosecutor will not affect his impartiality, it is not an abuse of discretion to decline to excuse him for cause.  See Commonwealth v. Amazeen, 375 Mass. 73, 83 (1978).

While the defendant contends that the responses of juror no. 3 to the judge's questions (i.e., "I don't think so, no," and, "No, I think I'd be okay") were not unequivocal statements of impartiality, the trial judge was in the best position to determine -- and accept -- them to be credible assertions of impartiality.  See Commonwealth v. Colton, 477 Mass. 1, 17 (2017); Commonwealth v. Leahy, 445 Mass. 481, 495-496 & n.13 (2005).  A judge's finding of impartiality "will not be overturned on appeal unless the defendant makes a clear showing of abuse of discretion or that the finding was clearly erroneous."  Commonwealth v. Emerson, 430 Mass. 378, 384 (1999); see also Commonwealth v. Ferguson, 425 Mass. 349, 352-353 (1997).  Here, juror no. 3's responses "mirror[ed] the syntax" of the judge's questions about impartiality (e.g., "So do you think that may impact your ability to be fair and impartial here today?"), see Commonwealth v. Williams, 481 Mass. 443, 449 n.4 (2019), and we discern no abuse of discretion in the judge's decision to credit them.

We acknowledge that the judge could have conducted a more detailed inquiry into juror no. 3's work relationship with the

5

student prosecutor, and that the record does not fully support her remark later in the proceeding that juror no. 3 knew the student prosecutor "in a very kind of happenstance way" that did not involve "socializing."  Nevertheless, the primary purpose of inquiries directed to prospective jurors is to "determine whether [they] will set aside their own opinions," impartially consider the evidence presented, and "follow the instructions of the judge."  Commonwealth v. Stroyny, 435 Mass. 635, 639 (2002).  Here, the judge determined the basic nature of the relationship between juror no. 3 and the student prosecutor, including how they knew each other and how long ago they had worked together, before turning to the key question of whether juror no. 3 could be fair and impartial.  Significantly, when the judge invited the parties to ask their own questions of the prospective juror, defense counsel asked how long he had worked with the student prosecutor, but did not seek any further details about the

relationship before challenging him for cause.  The judge did not abuse her discretion in denying this challenge.

Judgments affirmed.

By the Court (Vuono,
  Wolohojian & Toone, JJ.[1]),

Assistant Clerk

Entered:  March 11, 2024.

---

[1] The panelists are listed in order of seniority.